UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEPHEN J. PENTY,

      Petitioner,

v.                                  Case No. 5:15cv17/RV/CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as moot due to petitioner's release.  (Doc. 17).  Petitioner has not responded to the motion, or to the court's order directing him to notify the court of his current address and of his continued interest in prosecuting this case.  (*See* Doc. 18).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is moot and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2014, petitioner was sentenced in Bay County Circuit Court Case No. 09-CF-2657, to a term of 51.03 months in prison, less 811 days jail credit, for violating his probation.  (Doc. 1, p. 1).

Petitioner initiated this habeas proceeding on February 2, 2015.  (Doc. 1). Petitioner challenges only the length of his sentence, claiming that the trial court improperly denied him an additional 475 days of jail credit in imposing his probation revocation sentence.  (*Id.*, pp. 5-7).  As relief, petitioner seeks release from custody.

On July 10, 2015, prior to respondent's answer deadline, petitioner filed a "Motion for Court to Keep Jurisdiction", asserting that he was scheduled for release from custody within a few days of respondent's answer deadline.  (Doc. 12). Petitioner asserted that his release was "over a year late", and requested that the court not dismiss his petition as moot upon his release, because "there are numerous cases like [petitioner's] where defendants' rights under the U.S. Constitution have been violated where they were not granted proper credit for time served against their sentences."  (*Id.*, pp. 1, 2).  Petitioner also stated that "[t]wo days prior to release, Petitioner will write the Clerk with his change of address for service of the Respondent's answer and further communication with the Court."  (*Id.*, p. 2).

Petitioner was released from the Department of Corrections' custody on July 28, 2015, with no supervision to follow, having fully satisfied his sentence in Bay County Case No. 09-2657.  (Doc. 17, Ex. A).

Respondent now moves to dismiss the petition as moot.  (Doc. 17).  The certificate of service attached to respondent's motion certifies that respondent's counsel was unable to effect service on petitioner, because petitioner was released from prison and his last known address was Graceville Correctional Facility.  (*Id.*, p. 4).

On August 20, 2015, noting that petitioner's address of record remained Graceville Correctional Facility, that petitioner had not notified the court of his new address, and that mail from the court sent to petitioner's address of record and to his stated residence upon release as noted on the DOC's website had been returned as undeliverable, the court ordered petitioner to (1) notify the court of his current address (2) notify the court of his continued interest in this case and (3) respond to respondent's motion to dismiss.  (*Id.*).  Petitioner was provided twenty-one days to comply with the order and warned that failure to do so would result in a recommendation that this case be dismissed.  The deadline for compliance has passed, and petitioner has not responded.   The court's order was not returned as undeliverable.  The court has received no communication from petitioner since his release over fifty days ago.

DISCUSSION

Article III of the United States Constitution extends federal judicial power only to cases or controversies.  U.S. Const. art. III, § 2, cl. 1.   "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). When the injury for which an appellant seeks judicial redress is resolved or disappears prior to the court's decision, there is no longer an Article III case or controversy, and the case is moot.  *See Burke v. Barnes*, 479 U.S. 361, 363, 107 S. Ct. 734, 93 L. Ed. 2d 732 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (holding that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects

of the alleged violation); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot.").

In *Lane v. Williams*, 455 U.S. 624, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982), the Supreme Court addressed the mootness doctrine in the context of habeas corpus challenges to sentences that expired during the pendency of the proceeding.  The petitioners in *Lane* elected to attack only their sentences based on the state trial courts' failure to advise them, prior to accepting their guilty pleas, of a mandatory three-year parole requirement.  After serving their fixed terms of incarceration, the petitioners were released to their mandatory three-year terms of parole, violated their parole, and were returned to prison as parole violators.  The petitioners filed habeas corpus petitions challenging only their sentences and not their underlying guilty pleas, and requested release from prison.  During the course of the habeas proceedings, the petitioners were released from custody upon expiration of their sentences.  *Lane*, 455 U.S. at 626-629.  The Court held:  "Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."  *Id*. at 631.  The Court refused to presume collateral consequences warranting an exercise of federal habeas relief, and rejected the petitioners' alleged hypothetical consequences (the petitioner's contention that their challenges were not moot because the revocation of parole could be used to their detriment in future parole proceedings should they ever be convicted of other crimes).  *Id*. at 632-633.  The Court also found the exception for cases "capable of repetition, yet evading review" inapplicable, explaining:

> That doctrine . . . is applicable only when there is "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348, 46 L. Ed. 2d 350; *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353. Respondents are now acutely aware of the fact that a criminal sentence in Illinois will include a special parole term; any future guilty plea will not be open to the same constitutional attack. The possibility that other persons may litigate a similar claim does not save this case from mootness.

*Id.* at 634.

Following *Lane*, federal courts have declined to extend the presumption of collateral consequences to habeas petitions challenging the length of a petitioner's confinement and not his underlying conviction. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (refusing to extend presumption of collateral consequences to calculation of gaintime credits); *Francis v. Maloney*, — F. 3d —, 2015 WL 4933990, at *3-4 (1st Cir. Aug. 19, 2015) (refusing to extend presumption of collateral consequences to revocation of good-time credits); *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) (holding that if an appellant is attacking an expired sentence, "collateral consequences will not be presumed, but must be proven"); *Williams v. Carter*, 450 F. Supp. 2d 1297, 1299 (M.D. Ala. 2006) (refusing to extend presumption of collateral consequences to revocation of good-time credit credits); *see also, e.g., Contant v. Lindsay*, 473 F. App'x 109, 110 (3d Cir. 2012) (refusing to extend presumption of collateral consequences to award of jail credit for time spent in custody on immigration detainer); *Williams v. Carter*, 253 F. App'x 914, 916 (11th Cir. 2007) (refusing to extend presumption of collateral consequences to revocation of good-time credits); *Hubbard v. Crosby*, No. 3:04cv347/RV/MD, 2005 WL 5957831 (N.D. Fla. Dec. 20, 2005) (unpublished decision) (refusing to extend presumption of collateral consequences to award of sentence credit).

Here, petitioner does not attack the validity of his conviction for grand theft and dealing in stolen property; he challenges only the award of jail credit against his probation revocation sentence.  Petitioner's ultimate objective in bringing this habeas action was to obtain an additional 475 days of jail credit on his probation revocation sentence, and to be released from DOC custody.  (Doc. 1).  Petitioner has received the relief he requests, as he is no longer serving his probation revocation sentence.  The alleged additional incarceration petitioner incurred as a result of the miscalculation of jail credit is now over and cannot be undone.  Subsistence of this suit, therefore, requires that petitioner prove continuing "collateral consequences" of the denial of jail credit.  Petitioner has not identified, and the record does not contain any facts arguably supporting a finding of a continuing concrete injury-in-fact attributable to the calculation of petitioner's jail credit.  The fact that there may be "numerous cases" where Florida defendants have not been granted proper jail credit (doc. 12, p. 1) does not save this case from mootness.

As petitioner has been released from incarceration and no longer suffers an injury-in-fact from the calculation of jail credit necessary to meet Article III's case-or-controversy requirement, this case must be dismissed as moot.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (holding that habeas corpus challenge to parole revocation was mooted by petitioner's release); *Lane*, 455 U.S. at 631 ("Since respondents elected only to attack their sentences (parole term), and since those sentences expired during the course of these proceedings, this case is moot."); *Hernandez*, 796 F.2d at 390 (holding that state prisoner's habeas challenge to calculation of gaintime credits was mooted by his release); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (holding that § 2241 challenge to parole regulation was mooted by petitioner's release on parole, as a favorable decision would not entitle petitioner to any additional relief);

*see also Francis v. Maloney*, 2015 WL 4933990, at *3-4 (holding that former federal prisoner's habeas petition, seeking to reinstate his good-time credits based on allegations that the Bureau of Prisons violated his due process rights by failing to provide him an in-person hearing before revoking his credits, was moot at the moment it was filed; former prisoner did not file petition until after he was released from incarceration, reinstating the credits or altering petitioner's release date would have no effect on his current term of supervised release, and there was no indication petitioner would suffer any adverse or collateral consequences without retroactive relief); *Williams v. Carter*, 253 F. App'x at 916 (same as to habeas challenge to revocation of good-time credits); *Hubbard v. Crosby,* 2005 WL 5957831 (same as to denial of sentence credit).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That petitioner's Motion for Court to Keep Jurisdiction (doc. 12) be DENIED.

2.  That respondent's motion to dismiss (doc. 17) be GRANTED.

3.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED AS MOOT.

4.  That the clerk be directed to close the file.

5.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of September, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.